IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTER J. AVERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:25-CV-919-WKW |
| | )   [WO] |
| DR. BOROWITZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

On November 9, 2025, Plaintiff Walter J. Avery, who is currently in the custody of the Alabama Department of Corrections (ADOC) at Elmore Correctional Facility, filed this *pro se* complaint under 42 U.S.C. § 1983 against six medical professionals and two ADOC correctional officers.[1]  (Doc. # 1.)  The complaint is before the court for screening under 28 U.S.C. § 1915A.  Based upon this screening, Plaintiff's complaint contains pleading deficiencies that must be remedied before this action can proceed.

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  Plaintiff signed and dated his § 1983 complaint "11-9-2025."  (Doc. # 1 at 6.)  The complaint was received by the clerk of court and docketed on November 20, 2025.

## I. STANDARD OF REVIEW

Because Plaintiff is seeking redress from state governmental officials, the complaint is subject to screening under 28 U.S.C. § 1915A. Section 1915A requires the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915A(b)(1)–(2).[2] The procedure required by § 1915A is, by its terms, a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* § 1915A(a).

A complaint must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The

---

[2] The screening language in § 1915A(b) is nearly identical to the language in 28 U.S.C. § 1915(e)(2)(B). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of § 1915(e)(2)(B) to § 1915A(b).

plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, *pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II.  THE COMPLAINT'S ALLEGATIONS

The complaint's allegations, construed favorably to Plaintiff, set forth the following. Plaintiff alleges that medical personnel at Elmore, Draper, and Staton correctional facilities violated his constitutional rights by providing him inadequate medical care for painful, inflamed, and bleeding hemorrhoids over a period

3

exceeding two years. (Doc. # 1 at 2–3.) He asserts that the denial of adequate medical care occurred from approximately September 2023 through the filing of his complaint in November 2025. (Doc. # 1 at 2.) Plaintiff says he has not consistently received prescribed medications, including Ibuprofen and Tylenol, because pill call nurses allegedly fail to dispense the medications after reorders are placed. (Doc. # 1 at 2–3.)

Plaintiff further states that he was eventually approved for an outside medical consultation at Baptist South and was scheduled for a colon-related surgical procedure. However, he contends that the procedure had to be rescheduled because he was not informed that preoperative fasting was required. (Doc. # 1 at 3.) It is unclear from the complaint whether the surgery has since taken place. Plaintiff also reports that he believes he was "food poisoned" during this period. (Doc. # 1 at 3.) Furthermore, Plaintiff expresses concern that his ongoing bleeding and swelling could lead to a tumor or cancer. (Doc. # 1 at 4.) As relief, he requests the court to assist him with obtaining appropriate medical care and access to necessary medications. (Doc. # 1 at 6.)

Plaintiff names six medical professionals as Defendants: Dr. Borrowitz, Dr. Mendez, Dr. Stone, Dr. Cochren, Nurse Cantrell, and Doc Petiek. (Doc. # 1 at 1, 2.) However, beyond the general allegations of collective conduct, Plaintiff does not attribute specific acts or omissions to each Defendant. For example, Plaintiff

4

broadly alleges that "these doctors" collectively denied hospital approval for hemorrhoid treatment over an extended period. (Doc. # 1 at 2.)

As to the two non-medical professionals—Lt. Phillips and Lt. Taylor—Plaintiff alleges that, as supervisors, they made his housing situation more dangerous by failing to honor his "bottom bunk" medical designation due to his age and health. (Doc. # 1 at 5.) Plaintiff asserts that after returning from Draper for school, he informed Lt. Phillips of his bottom-bunk profile and was told it was entered into the computer, but he was not allowed to use the bottom bunk that day because another inmate was occupying it. The following day, Lt. Phillips told him it was his responsibility to secure the bunk. (Doc. # 1 at 5.) Plaintiff alleges this was the second such incident, and that previously Lt. Taylor removed him from a bed and "gave it to one of his friends." (Doc. # 1 at 5.)

### III. DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.[3]  The Eighth Amendment to the United States Constitution prohibits "deliberate indifference to the serious medical needs of prisoners."[4] *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (cleaned up).  "To establish liability on a deliberate indifference claim, a plaintiff must demonstrate that: (1) the injured party suffered a deprivation that was objectively 'sufficiently serious,' and (2) the defendant acted with 'subjective recklessness as used in the criminal law.'" *Wingo v. WellStar Health Sys., Inc.*, ___ F.4th ___, 2025 WL 3442596, at *4 (11th Cir. Dec. 1, 2025) (quoting *Wade*, 106 F.4th at 1262).  "To meet the second step, the plaintiff must show that the 'defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff.'" *Id.* (quoting *Wade*, 106 F.4th at 1262).

The complaint fails to state a 42 U.S.C. § 1983 claim for deliberate indifference to Plaintiff's serious medical needs against Dr. Borrowitz, Dr. Mendez, Dr. Stone, Dr. Cochren, Nurse Cantrell, and Doc Petiek due to the absence of any factual allegations demonstrating how each Defendant was deliberately indifferent

---

[3] Subject matter jurisdiction is proper under 28 U.S.C. § 1331.

[4] The Fourteenth Amendment forbids deliberate indifference to the serious medical needs of pretrial detainees.  *See Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).  The legal standards for a deliberate-indifference claim under the Fourteenth Amendment are identical to those under the Eighth Amendment, allowing for their interchangeable application.  *Id.*

to Plaintiff's serious medical needs.[5] (*See* Doc. # 1 at 1, 2.)  The complaint fails to identify each Defendant's specific role and does not allege the particular acts or omissions by each Defendant that allegedly resulted in the inadequate medical care. (*See, e.g.*, Doc. # 1 (referring to "several different doctors" and "these doctors").) Such factual allegations are necessary to ensure that Defendants receive fair notice of the claims against them and the grounds upon which those claims rest.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that a pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); *Douglas v. Yates*, 535 F.3d 1316, 1321–22 (11th Cir. 2008) (affirming the dismissal of claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim where the complaint alleged a constitutional violation but lacked facts connecting three defendants to the violation).  Absent these critical allegations, the complaint does not meet the necessary pleading standards to state a § 1983 claim for a Fourteenth Amendment violation alleging deliberate indifference to his serious medical needs and thus is subject to dismissal.  *See* § 1915A(b)(1).

Notwithstanding the pleading deficiencies in the complaint and in light of Plaintiff's *pro se* status, he will be given an opportunity to amend his complaint.

---

[5] For the purposes of this discussion, it is assumed that each Defendant is a medical professional contractually responsible for providing care to inmates within the Alabama Department of Corrections and, thus, is regarded as a state official under 42 U.S.C. § 1983. *See, e.g.*, *Carswell v. Bay County*, 854 F.2d 454, 456–57 (1988) (rejecting the argument of a private physician who claimed that his contractual role with the county jail exempted him from acting under color of state law for § 1983 purposes).

"[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) (citation omitted).

## IV. CONCLUSION

Based on the pleading deficiencies identified in this Memorandum Opinion and Order, it is ORDERED that Plaintiff must file an amended complaint on or before **January 7, 2026**. The amended complaint must:

1. Include only those Defendants whom Plaintiff contends are personally responsible for the alleged constitutional violations;

2. Specify the actions or omissions of each Defendant that allegedly led to the alleged constitutional violations;

3. Describe when and where these violations occurred; and

4. Describe how the acts or omissions of each Defendant harmed him.

To assist Plaintiff, the Clerk of Court is directed to provide a copy of the form used by prisoners to file 42 U.S.C. § 1983 actions. **Plaintiff must use the form in filing his amended complaint.** The amended complaint will replace the original complaint, and this action will proceed only with Defendants named and the claims presented in the amended complaint.

Plaintiff is expressly CAUTIONED that a failure to comply with the terms of this Memorandum Opinion and Order will result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 10th day of December, 2025.

/s/ W. Keith Watkins  
UNITED STATES DISTRICT JUDGE