IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTER J. AVERY, <br> AIS # 184038, <br> <br> Plaintiff, <br> <br> v. <br> <br> DR. BORROWITZ, *et al.*, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:25-CV-919-WKW <br> ) [WO] <br> ) <br> ) <br> ) |

## **ORDER**

Plaintiff Walter J. Avery, an inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights at Elmore, Draper, and Staton Correctional Facilities.  (Doc. # 1.)  However, when he filed his complaint, Plaintiff did not pay the filing and administrative fees or file an application to proceed *in forma pauperis*.  On December 10, 2025, three Orders were issued.  The first Order instructed Plaintiff to either pay the filing and administrative fees or file an application for leave to proceed *in forma pauperis* and a certified prison account statement.  (Doc. # 2.)  The second Order concerned the screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and instructed Plaintiff to file an amended complaint.  (Doc. # 3.)  The third Order set a hearing for January 13, 2026, to determine whether Plaintiff had stated a current medical emergency while in the custody of the Alabama Department of Corrections (ADOC).  (Doc. # 4.)

On December 29, 2025, all three Orders sent to Plaintiff on December 10, 2025, were returned to the court as undeliverable. (*See* Docs. # 5 & 6.) Based on the return of Plaintiff's mail, the court issued an Order on December 31, 2025 ("December 31 Order"), directing Commissioner of the ADOC John Q. Hamm or his authorized designee to file a notice to the court regarding Plaintiff's custodial status by January 6, 2026. (Doc. # 7.) The December 31 Order, which was also sent to Plaintiff, was returned as undeliverable on January 21, 2026, with the notation, "Return to Sender, Refused, Unable to Forward, Returned to Sender, Unassigned." (Doc. # 12.)

On January 6, 2026, Commissioner Hamm's authorized designee filed a notice informing the court that Plaintiff was released from ADOC custody on probation on December 7, 2025. (Doc. # 8 at 1.) Thereafter, by Order dated January 8, 2026 ("January 8 Order"), Plaintiff was told to notify the court whether he wishes to proceed with this action under 42 U.S.C. § 1983 given his release from ADOC custody. (Doc. # 11.) The January 8 Order set a deadline of January 29, 2026, for Plaintiff to comply and was sent to Plaintiff at the address provided by Commissioner Hamm's authorized designee in Document Number 8. (*Id.* at 2.) This Order has not been returned as undeliverable.

Dismissal of this action is warranted because the January 8 Order expressly cautioned Plaintiff that his failure to timely file a response to the Order would result

2

in dismissal without further notice for failure to prosecute and comply with an order of the court. Up to this point, Plaintiff has failed to prosecute this action, thus making dismissal without prejudice appropriate.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a

finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has failed to prosecute this action and has not complied with the January 8 Order, despite its express directives and warnings. Consequently, this action will be dismissed without prejudice.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 5th day of February, 2026.

                                            /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE